IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ROBERT D. CARTER                                    PLAINTIFF

v.                        No. 2:15-cv-30-DPM

ALVIN HONEYCUTT, Detective,
Marianna Police Department, and
MARTIN WILSON, Chief of Police,
Marianna Police Department                          DEFENDANTS

## ORDER

1. In the summer of 2014, Robert Carter and his then-girlfriend Katara Williams went to a Home Zone store in Marianna. Carter asked the manager about some furniture and went about his business in the store. Meanwhile, Williams went behind the store counter and took two cell phones from a case. She hid them; and the couple left the store together without buying anything. Carter didn't know Williams had taken the phones until later. But Detective Alvin Honeycutt sought a warrant and arrested Carter for shoplifting.

These are the key facts, taken in the light most favorable to Carter where genuinely disputed. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007); № 29-1. In this § 1983 lawsuit, Carter claims that Honeycutt unlawfully arrested him and that Chief Martin Wilson failed to train and supervise Honeycutt. Wilson and Honeycutt jointly seek summary judgment; Carter seeks a trial.

**2.** First, false arrest. This claim fails because Honeycutt is entitled to qualified immunity for two reasons. A neutral judge issued a warrant for Carter's arrest. And though Carter takes issue with Honeycutt's warrant affidavit, there's no evidence that the sworn statements in it were deliberately false or made with reckless disregard for the truth. Honeycutt's arresting Carter on the warrant was therefore objectively reasonable. *Williams v. City of Alexander, Arkansas*, 772 F.3d 1307, 1310–11 (8th Cir. 2014).

Further, a reasonable officer viewing the events as Carter describes them could still believe he was an accomplice to Williams's shoplifting. *Williams*, 772 F.3d at 1310–11; ARK. CODE ANN. §§ 5-36-116, 5-36-103 & 5-2-403. Those facts are consistent with Carter's innocence; but they are not inconsistent with possible involvement in the crime. Because an affidavit with Carter's version of the facts would show probable cause, Honeycutt is entitled to qualified immunity in any event. *Bagby v. Brondhaver*, 98 F.3d 1096, 1099–1100 (8th Cir. 1996).

**3.** Carter's claims against Chief Wilson fall short too. Carter hasn't shown an underlying constitutional violation. *E.g., Carpenter v. Gage*, 686 F.3d 644, 651 (8th Cir. 2012). And he hasn't met proof with proof to show that

Wilson provided subpar supervision or training, that those failings caused the alleged constitutional violation, or that Wilson was deliberately indifferent. *Parrish v. Ball*, 594 F.3d 993, 997–98, 1001–02 (8th Cir. 2010).

\*   \*   \*

Motion for summary judgment, № 23, granted.   Carter's amended complaint will be dismissed with prejudice.

So Ordered.

_DPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_30 August 2016_

-3-